IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

INES MARIA RODRIGUEZ SOTO

    Debtor

CASE NO. 11-04794 (ESL)

CHAPTER 7

OPINION AND ORDER

This case is before the court upon the *Motion in Compliance of Order and Reconsideration to allow the Appointment of Guardiam [sic] at [sic] Litem* filed by the sustaining that her "disability and medical condition does [*sic*] not allow her to be confront [*sic*] and/or be present in any of the proceedings before this [] Court … as sustained by Debtor's physician, Dr. Marienne Perocier Aguirre, Psychiatrist" (the "*Motion for Guardian ad Litem*", Docket No. 113, p. 1, ¶ 4). The Debtor filed with her motion two (2) medical certificates[1] by Dr. Perocier containing a short description of her medical condition with a recommendation that the Debtor should not appear or testify in any legal situation. See Docket No. 113-2, pp. 1-2. Since 2003, and as of the date of the bankruptcy petition, to wit, June 3, 2011, the Debtor received and currently receives disability benefits from social security and her former employer, the Government of Puerto Rico. See Docket No. 1, pp. 30 and 34; Docket No. 113, p. 1, ¶ 4(b). Also before the court is the *Position Regarding Motion in Compliance and Reconsideration* filed by the U.S. Trustee (Docket No. 124) stating that the *Motion for Guardian ad Litem* actually constitutes a third request for a *guardian ad litem* and that all previous attempts by the Debtor to that extent have been denied for failures to comply with orders from the court and/or procedural requirements[2]. The U.S. Trustee also asserts as follows:

---

[1] The court notes that the medical certifications are in Spanish and no certified translation have been filed, though the Debtor acknowledged, that "as of March 10, 2015, she was "in the process of obtaining an English version of the medical certificate[s]" (Docket No. 113, p. 5, ¶ 7). Although the court will consider this document for the purposes of this *Opinion and Order*, should any party take an appeal, the certified English translation must be provided.

[2] A detailed count of the Debtor's previous requests, orders, non-compliances and procedural background to that extent is found in the U.S. Trustee's *Opposition Motion to Dismiss* in Adv. Proc. 15-00025 Docket No. 9, pp. 6-7, ¶¶ 24-34. Also see *Motion for Authorization to Submit Sealed Document* filed by the Debtor (Docket No. 109); the *Opposition* thereto filed by the U.S. Trustee (Docket No. 110) contending that the Debtor did not accompany a proposed order identifying the parties who may have access to the material that is under seal required by PR LBR

-1-

The United States Trustee respectfully submits that the Court, <u>if it now finds "reasonable grounds" based on the information and documents submitted by the Debtor</u>, proceed to schedule a hearing to determine the Debtor's "mental condition" and if it is "convenient and proper" to appoint a guardian ad litem pursuant to Rule 15.2(b) of the Puerto Rico Rules of Civil Procedure.

Docket No. 124, p. 2, ¶ 7 (citations omitted, original underline).

For the reasons below, the court schedules a hearing to determine the Debtor's mental condition to prosecute her bankruptcy case.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b). A determination of a debtor's mental competence is a core matter. Section 157(b)(2)(A) of the Bankruptcy Code establishes that "matters concerning the administration of the estate" are "core proceedings". In a Chapter 7 case, the administration of the bankruptcy estate is conferred upon the Chapter 7 Trustee and "is responsible to creditors and other parties in interest for such administration". <u>In re Sprague Floor Coverings, Inc.</u>, 2000 Bankr. LEXIS 1811, at *8, 2000 WL 33679408, at *3 (Bankr. D.N.H. 2000). <u>Also see</u> 11 U.S.C. § 704. In the instant case, the determination of whether a debtor has or not mental capacity has a direct effect on the administration of the estate and the duties of the Chapter 7 Trustee, particularly in light of the uncomplied turnover orders of funds in the amount of $22,000.00 that the Debtor obtained through Adversary Proceeding No. 12-00409 (ESL)[3]. <u>See</u> Docket Nos. 61, 64, 70, 71, 74, 83, 85, 86, 88, and 89. <u>Also see</u> footnote no. 2, *supra*.

Legal Analysis and Discussion

The question of whether a guardian *ad litem* may be appointed by a bankruptcy court during the pendency of a case for its general administration "is an issue that doesn't come up often". <u>In re Moss</u>, 239 B.R. 537, 538 (Bankr. D. Mo. 1999).

---

9018-1(b); and the *Order* denying the Debtor's *Motion for Authorization to Submit Sealed Documents* without prejudice for the reasons stated by the U.S. Trustee (Docket No. 111).

[3] The court notes that the *Settlement Stipulation* was filed on October 9, 2013 (Adv. Proc. 12-00409 Docket No. 43) and the first medical certificate by Dr. Perocier containing a description of the Debtor's medical condition with a recommendation that the Debtor should not appear or testify in any legal situation is dated July 17, 2013 (Docket No. 113-2, p. 1).

Fed. R. Bankr. P. 1001.4 governs the initial filing of a bankruptcy petition for an infant or incompetent person as follows:

> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person.  An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem.  The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

Fed. R. Bankr. P. 1016 governs the death or incompetency of the debtor during the pendency of a Chapter 7 bankruptcy case:

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code.  In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

"Incompetency, in the sense of mental competency, is not mentioned or defined in the Bankruptcy Code."  In re Moss, 239 B.R. at 539.  Hence, the Moss court analyzed as follows:

> The only relevant references to incompetency are in the Federal Rules of Bankruptcy Procedure-- Rules 1016 and 7017.  Rule 1016 deals with the administration of a bankruptcy case in the event of a debtor's death or incompetency, and Rule 7017 deals with the appointment of a guardian *ad litem* for adversary proceedings in the event the debtor is a minor or an incompetent.  Neither rule, however, provides or indicates what definition of incompetency should be used.  The case law surrounding the application of Rule 1016 (of which there is very little) is unavailing, but one court applying Rule 7017 has indicated that **determinations of incompetency should be made by reference to state law**. Moody v. Smith (In re Moody), 105 B.R. 368, 371 (Bankr. S.D. Tex. 1989).

> In re Moss, 239 B.R. at 539 (emphasis added).

In Townson v. Loftin (In re Ford), 2009 Bankr. LEXIS 801, 2009 WL 6499337 (Bankr. N.D. Ga. 2009), the court followed In re Moss, *supra*, to conclude that:

> The Federal Rules of Civil Procedure do not define the term "incompetent."  In common understanding, the term 'incompetent' refers to a person who lacks the mental competence or capacity to make decisions or conduct her own legal or business affairs.  **Such a determination has traditionally been left to state law**.

<u>In re Ford</u>, 2009 Bankr. LEXIS 801, at *3, 2009 WL 6499337, at *1 (emphasis added).

Hence, this court will use the legal standards established in Puerto Rico for the judicial determination of mental incompetency.

In Puerto Rico, "[i]t is presumed that all persons are mentally competent, except otherwise determined by a court." Article 3.03 of the Puerto Rico Mental Health Code of 2000, 24 L.P.R.A. § 6154b. In addition, it "shall also be presumed that any person with a mental or emotional disorders has the potential to recover and rehabilitate upon receiving mental health services adequate to his/her diagnosis and the severity of his/her symptoms and signs." <u>Id.</u> Likewise, an adult's legal capacity to contract is also presumed. <u>See</u> <u>Jiménez v. Jiménez</u>, 76 D.P.R. 718, 733 (1954); <u>Rivera v. BPPR</u>, 152 D.P.R. 140, 157 (2000). Basically, "[a] person having attained the age of majority is capable of executing all the acts of civil life, with the exceptions established in special cases by [the Civil Code of Puerto Rico (the "Civil Code")]". Article 247 of the Civil Code, 31 L.P.R.A. § 971. One of those exceptions occurs when an adult's mental competency is rebutted pursuant under Articles 180-186 of the Civil Code, 31 L.P.R.A. §§ 703-709.

Article 180 of the Civil Code establishes that:

No guardian may be appointed for an insane or demented person or a deaf-mute **who is unable to understand or communicate effectively by any means**, unless the appointment is preceded by a statement made by the Court [] of his/her domicile, that the person is not legally qualified to administer his/her property.

31 L.P.R.A. § 703 (emphasis added).

Such "decree may be petitioned [] by the husband or wife and relatives of the person presumed to be incapable and who [has/]have the right to succeed him[/her] in case he[/she] dies intestate". Article 181 of the Civil Code, 31 L.P.R.A. § 704. A district attorney may also petition such decree:

1. When the person is a raving maniac.

2. When none of other persons mentioned in the preceding section are living or when they do not make use of the right therein granted them.

3. When the husband or wife and the heirs of the person presumed to be incapable are minors or lack the status required to enable them to appear in a suit.

The proper part of the Court of First Instance shall, in all such cases, appoint a next friend for the persons presumed to be incapable and who does not wish or is unable to defend himself. In other cases, the prosecuting attorney shall act as next friend.

Article 182 of the Civil Code, 31 L.P.R.A. § 705.

In the instant case, the record shows that it is the Debtor herself who is requesting, through her attorney, to be declared incompetent. See the appearances of Docket Nos. 75, 80, 99, and 113. The Civil Code does not afford her standing to do so. Notwithstanding, because the record also shows that the Debtor's son, Mr. José Elías Moreno Rodriguez, has subscribed an *Unsworn Statement* under penalty of perjury declaring that he is "aware of the need of someone that can be a guardian at [*sic*] litem for [his mother] without any conflict of interest to guard her best interest" and that he is "willing to be a guardian at [*sic*] for [his] mother" (Docket No. 80, p. 6, ¶ 8), the court will consider the Debtor's petition.

Upon such petition, and after having established the preliminary standing requirements:

The Court shall, before decreeing the incapacity of any person, hear the opinion of one or more physicians and admit such other proof as it may deem necessary, such as the report on the socio-economic condition of the ward or tutor, subscribed by the Special Solicitor of Family Relations or by the Attorney General's Office.

Article 183 of the Civil Code, 31 L.P.R.A. § 706. Mental incapacity cannot be established through evidence of temporary, isolated, intermittent and/or occasional incapacity, but through evidence of habitual, continuous or chronic incapacity. See Jiménez v. Jiménez, 76 D.P.R. at 733.

After the judicial determination of incompetency, the Civil Code assigns the guardianship as follows:

Guardianship of insane persons and deaf-mutes who are unable to understand or communicate effectively by any means, corresponds:

(1) To the spouse.
(2) To either of the parents.
(3) To any of the sons or daughters.
(4) To any of the grandparents.
(5) To any of the brothers or sisters.

If two (2) or more persons appear, the court shall make the designation between them based on the best interests and welfare of the ward.

Article 186 of the Civil Code, 31 L.P.R.A. § 709.

In the instant case, the Debtor's attorney sustains that the "Debtor's disability and medical condition that does [*sic*] not allow her to be confront [*sic*] and/or be present in any of the proceedings before this [] Court" (Docket No. 113, p. 1, ¶ 4) and that the Debtor "has an emotional condition" (id., p. 2, ¶ 4(d)). Based on the foregoing, the Debtor's attorney concludes that the Debtor "is not fitted [*sic*] and capable in this state of her health to confront the legal process" (Docket No. 113, p. 6, ¶ 5). She has not alleged, however, that the Debtor is "unable to understand or communicate effectively by any means" or that she "is not legally qualified to administer her property", as required in 31 L.P.R.A. § 703. Therefore, because the court must consider the Debtor's mental capacity to proceed with the instant case, the court will schedule an evidentiary hearing for the Debtor's attorney and son to present evidence pursuant to the substantive standards established in the Civil Code.

Conclusion

In view of the foregoing, the court will schedule an evidentiary hearing to consider the Debtor's *Motion for Guardian ad Litem* (Docket No. 113).

SO ORDERED.

In San Juan, Puerto Rico, this 14th day of July, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge